# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA M. YODER, POA,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION 19-CV-1274 |
| OFFICE OF THE DISTRICT<br>ATTORNEY, MONTGOMERY<br>COUNTY, *et al.*,<br>    Defendants. | : <br> : <br> : <br> : <br> : | |

## MEMORANDUM

**PRATTER, J.**                                                                                             **APRIL 3, 2019**

*Pro se* Plaintiff Cynthia M. Yoder, has filed this civil rights action[1] against the Montgomery County District Attorney's Office, two assistant district attorneys, Montgomery County Adult Probation and Parole, Chester County Probation, Parole & Pretrial Services, numerous persons employed by those two offices, and Basil Beck, a court-appointed attorney. She has also filed a motion for leave to proceed *in forma pauperis*. Because it appears Ms. Yoder cannot afford to pay required the filing fee, the Court grants her leave to proceed *in forma pauperis*. For the following reasons, to the extent that Ms. Yoder attempts to assert claims on behalf of third parties, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous. To the extent that the Court can discern a claim that Ms. Yoder attempts to assert on her own behalf, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C.

---

[1] Ms. Yoder asserts federal question jurisdiction citing, among other statutes, 18 U.S.C. § 1983. (Compl., § II. B.) The Court interprets this citation to refer to the Civil Rights Act of 1964, 42 U.S.C. § 1983.

§ 1915(e)(2)(B)(ii) because it fails to state a claim and because any attempt to amend would be futile.

## I. FACTS

Ms. Yoder claims to hold a power of attorney for three individuals, her son Clifford Repotski and her parents, the Strunks. (Compl. at 7-9.[2]) She alleges that Mr. Repotski was summoned to appear on February 25, 2019 at the Montgomery County Probation Department, at the financial expense of the Strunks, where his medications were reviewed, and he was made to sign papers without Ms. Yoder's authorization. (*Id.* at 7.) She was told that she must authorize a search of Mr. Repotski's bedroom in the Strunks' home or Mr. Repotski would go back to jail. (*Id.* at 7-8.) She alleges that Defendants have ignored and violated her power of attorney status. (*Id.* at 8-9.) As relief for her claims, she demands the expungement of Mr. Repotski's criminal record, the removal of his address from all sex offender lists, the issuance of a cease and desist order stating that he is never to be incarcerated, termination of his probation and court ordered counseling, referral of Defendants for disciplinary action, and $40 million.

## II. STANDARD OF REVIEW

Because the Court has granted Ms. Yoder leave to proceed in *forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Also, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

---

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. Because Ms. Yoder is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court has explained to Ms. Yoder in numerous prior cases that she may not bring civil actions in the name of another person based on her allegedly holding a power of attorney. In one recent example, on October 6, 2017 the Court issued an Order stating, "[a]s the Court has previously informed her, Ms. Yoder cannot appear *pro se* on behalf of her parents, the Strunks, and her son, Mr. Repotski, who are the true parties at interest in this matter." *Ms. Yoder v. Mr. Jeffrey Schmehl*, Civil Action No. 17-4036. In another example, because Ms. Yoder continuously filed civil actions against Well Fargo Bank, purportedly using a power of attorney for the Strunks, the Court issued an injunction against her on September 6, 2018 pursuant to the All Writs Act, 28 U.S.C. § 1651(a), enjoining her from filing similar actions in the future. *Ms. Yoder v. Well Fargo Bank, N.A.*, Civil Action No. 18-311. In that Order, the Court again told Ms. Yoder that "according to the law a *pro se* litigant who is not an attorney may not represent others in federal court even if she has a power of attorney." (*Id.* at 3.)

Rather than respecting prior judicial orders, Ms. Yoder has once again filed a lawsuit attempting to litigate alleged claims belonging to her son based on a power of attorney. Because she may not do so, the claims she asserts on behalf of Mr. Repotski lack an arguable basis in law and must be dismissed as frivolous under § 1915(e)(2)(B)(i).

3

The only claim arguably discernable from the Complaint that would **not** belong to Mr. Repotski is the assertion that Ms. Yoder was told that she must authorize a search of her son's bedroom in the Strunks' home or Mr. Repotski would go back to jail. Ms. Yoder asserts that Defendant Terry (no last name) attempted to bully her into granting Montgomery County Adult Probation and Parole permission to search Mr. Repotski's bedroom in the Strunks' home. However, the Court finds that this allegation fails to state a plausible claim of a civil rights violation.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 only protects those individuals who have suffered a loss of their constitutional rights. "[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). To the extent that Ms. Yoder's allegations assert her own claim based on an allegedly illegal search of her son's room, she does not allege that her own property or privacy interests were invaded in any way. Rather, the Complaint must be fairly read to eliminate the possibility that she has any property or privacy interest. She asserts that the property belongs to the Strunks and the room was occupied by her son.

Moreover, attached to Ms. Yoder's Complaint is a copy of the "Rules and Conditions Governing Probation/Parole and Intermediate Punishment" signed by Mr. Repotski. In that document, Mr. Repotski agreed that "I will provide access to the dwelling in which I reside," and affirmed "I understand the Adult Probation and Parole Department has the authority to search my person, place of residence, or vehicle without a warrant, if he or she has reasonable suspicion."

(ECF No. 2 at 29.) The allegation that Ms. Yoder was "bullied" into granting authority to conduct a search is not plausible because Mr. Repotski himself granted the authorization. Accordingly, the allegation is insufficient to establish a plausible Section 1983 claim and must be dismissed under § 1915(e)(2)(B)(ii). Because the documents showing Mr. Repotski granted permission for the search preclude any possibility that Ms. Yoder was bullied into doing so, any attempt to amend the complaint to state such a claim would be futile. Accordingly, the dismissal of this claim will be with prejudice.

## IV. CONCLUSION

For the reasons stated, Ms. Yoder's latest attempt to assert constitutional claims of third parties based on an alleged power of attorney is dismissed. The claim that she was bullied into granting permission to Defendants to conduct a search of her son's room in her parents' home is dismissed for failure to state a plausible claim for relief. An appropriate Order follows, which shall be docketed separately.

                                       **BY THE COURT:**

                                       **s/Gene E.K. Pratter**
                                       **GENE E.K. PRATTER, J.**